# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

KOUNTA OUSMANE,

        Petitioner,

v.

NATHALIE ASHER,

        Respondent.

Case No. C11-266-MJP

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

This matter comes before the Court on the Petitioner's and Respondent's objections to the Magistrate Judge's Report and Recommendation. (Dkt. Nos. 39, 41.) Having reviewed Petitioner's Petition for Writ of Habeas Corpus, Respondent's Return, the Report and Recommendation, Petitioner's and Respondent's objections, and the remaining record, the Court adopts in part the Report and Recommendation and DISMISSES the petition without prejudice.

**Analysis**

The Court agrees with the Report and Recommendation's conclusion that Petitioner's petition is not yet ripe for adjudication. (See Dkt. No. 37 at 6.) Before he filed a new application for travel documents on March 30, 2011, Petitioner was found to have lied about his identity and citizenship, and refused to complete travel documents. His noncompliance meant that his continued detention was authorized by 8 U.S.C. § 1231(a)(1)(C). This also meant that the six-

ORDER OF DISMISSAL WITHOUT PREJUDICE- 1

month period set forth in Zadvydas v. Davis, 533 U.S. 678, 701 (2001), had yet to expire. See Pelich v. INS, 329 F.3d 1057, 1059 (9th Cir. 2003).

On March 30, 2011, Petitioner applied for travel documents to Guinea under the name Kounta Ousmane. The government maintains that this application was not truthful because it has confirmed that Petitioner is not Kounta Ousmane. However, the government has only confirmed through the French General Consulate that Petitioner is not a French citizen, as the only French citizen with the name Kounta Ousmane still resides in France and does not resemble Petitioner. (R962, 1008-09.) There are, however, fingerprint and other records in the French government's possession indicating that Petitioner is known to French authorities as Kounta Ousmane and that he was born in Guinea. The information obtained from the French General Consulate confirms only that Petitioner is not a French citizen. It does not rule out that Petitioner may be a Guinean citizen with the same name as a different French citizen. Just as there can be many John Smiths in the world of different nationality, it is equally possible there is more than one Ousmane Kounta in the world.

The government has failed to show that Petitioner has not attempted to cooperate fully and honestly with the government to secure travel documents to Guinea. In fact, Petitioner filed an affidavit with the Court in which he maintains that he is a citizen of Guinea. (Dkt. No. 15.) The government has not produced any evidence that the travel document application of March 30, 2011 contains any claim that Petitioner is a French citizen or any other evidence of dishonesty in the application. (See Dkt. No. 22-2 at 4-5.) As such, the Court does not find evidence that the application to travel to Guinea includes false or incorrect information. The Court thus agrees with the Report and Recommendation that Petitioner's March 30, 2011 application for travel documents to Guinea begins the six-month period in which Petitioner's

continued detention is presumptively reasonable. Zadvydas, 533 U.S. at 701. This period is set to expire on September 30, 2011. At that point, Petitioner is eligible for conditional release upon demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. The government will then have the burden to show that it has sufficient evidence to rebut this showing. Id.

Because the six-month period is set to expire in the near future, the Court DISMISSES the petition without prejudice. The Court will retain jurisdiction over this matter, and will accept an amended petition after the six-month period has elapsed. The Court thus does not adopt the Report and Recommendation's proposal to dismiss the petition with prejudice. In all other respects, the Court adopts the Report and Recommendation.

## Conclusion

The Court adopts the Report and Recommendation in part. The Court DISMISSES the petition without prejudice. The Court will accept a renewed petition after the six-month period has expired.

The Clerk shall send a copy of this Order to the parties and to Judge Tsuchida.

DATED this 21st day of September, 2011.

Marsha J. Pechman
United States District Judge